IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Maurice Muhammad,

Plaintiff,

v.

National Association of Realtors (NAR),
Pennsylvania Association of Realtors (PAR),
Greater Lehigh Valley Multiple Listing Service (GLVMLS),
Defendants.

_____/

Case No.: TBD

**Complaint for Violations of Civil Rights, Discrimination, Antitrust Violations, Breach of Contract, and Forced Membership Monopoly**

## INTRODUCTION

1. Plaintiff, **Maurice Muhammad**, doing business as Progressive Realty, brings this civil action against Defendants, the **National Association of Realtors (NAR)**, the **Pennsylvania Association of Realtors (PAR)**, and the **Greater Lehigh Valley Multiple Listing Service (GLVMLS)**, for violations of federal civil rights statutes, unlawful discriminatory practices, violations of federal antitrust laws, breach of contract, and for creating a monopolistic system that imposes forced membership. These practices disproportionately affect minority professionals and have resulted in inequitable enforcement of rules and exclusion from fair competition in the real estate industry.

## PARTIES

2. Plaintiff, **Maurice Muhammad**, is a resident of Allentown, Pennsylvania, residing at 1544 Hamilton Street, Allentown, PA 18102. Plaintiff operates as a licensed real estate professional through Progressive Realty.

3. Defendant, **National Association of Realtors (NAR)**, is a national trade association with its principal place of business located at [NAR Address].

4. Defendant, **Pennsylvania Association of Realtors (PAR)**, is a state trade association with its principal place of business located at [PAR Address].

5. Defendant, **Greater Lehigh Valley Multiple Listing Service (GLVMLS)**, is a multiple listing service with its principal place of business located at [GLVMLS Address].

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal law, including but not limited to the Sherman Antitrust Act (15 U.S.C. § 1 et seq.), the Clayton Act (15 U.S.C. § 12 et seq.), and federal civil rights statutes (42 U.S.C. §§ 1981, 1982, 1983).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania, and Defendants conduct business in this district.

## FACTUAL ALLEGATIONS

### Discriminatory and Unfair Practices

8. Defendants, **NAR**, **PAR**, and **GLVMLS**, have engaged in a pattern of discriminatory practices against minority real estate professionals, including Plaintiff. These practices include selective enforcement of professional rules, inequitable application of disciplinary measures, and the exclusion of minority professionals from leadership positions.

9. A report by **Community Legal Services of Lehigh Valley (CLCV)** revealed systemic bias in how real estate transactions involving minority professionals and clients are handled. The report highlights stark disparities in the treatment of minority professionals by Defendants.

10. Minority members of **NAR**, including Plaintiff, have been subjected to unequal enforcement of ethical standards, while similarly situated non-minority members have not faced comparable scrutiny.

11. The leadership structures within **NAR**, **PAR**, and **GLVMLS** are overwhelmingly non-diverse, leading to policies and decisions that fail to protect minority members or address their specific needs within the profession.

12. Plaintiff has been personally subjected to discriminatory treatment by Defendants, including biased handling of complaints and unfair enforcement of membership obligations.

**Antitrust and Monopoly Violations**

13. Defendants have violated federal antitrust laws, including the Sherman Act and Clayton Act, by engaging in monopolistic practices that restrain trade and stifle competition in the real estate industry.

14. The **NAR's Multiple Listing Service (MLS)**, including **GLVMLS**, is structured in such a way that real estate professionals are compelled to join **NAR** to gain access to MLS listings, without which they cannot conduct business effectively.

15. The forced membership requirement imposed by **NAR**, **PAR**, and **GLVMLS** creates a coercive environment that disproportionately affects minority professionals who lack the financial resources to afford mandatory membership fees.

16. Defendants have used their monopoly over MLS services to prevent the creation of alternative trade organizations, thereby stifling competition and reinforcing their control over the real estate profession.

**Forced Membership and Lack of Representation**

17. Defendants require real estate professionals to join **NAR**, **PAR**, and **GLVMLS** to conduct business, even though many minority members receive little to no benefit from such membership and face discrimination within these organizations.

18. Leadership positions in **NAR**, **PAR**, and **GLVMLS** remain predominantly occupied by non-minority individuals, resulting in policies and rules that do not address the unique challenges faced by minority professionals.

19. Despite repeated attempts by Plaintiff and other minority members to raise concerns about these issues, their grievances have been consistently ignored by Defendants, perpetuating a system of exclusion and discrimination.

## CAUSES OF ACTION

### Count I: Civil Rights Violations (42 U.S.C. §§ 1981, 1982, 1983)

20. Plaintiff realleges and incorporates by reference all preceding paragraphs.

21. Defendants have violated Plaintiff's rights under 42 U.S.C. § 1981 by discriminating against him in the enforcement of professional standards, thereby denying him the same right to make and enforce contracts as non-minority individuals.

22. Defendants have also violated Plaintiff's rights under 42 U.S.C. § 1982 by impeding his ability to engage in real property transactions on equal terms with non-minority individuals.

23. Defendants, acting under color of state law, have further violated Plaintiff's constitutional rights under 42 U.S.C. § 1983 by subjecting him to discriminatory practices in violation of the Equal Protection Clause of the Fourteenth Amendment.

### Count II: Antitrust Violations (Sherman Act, Clayton Act)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.

25. Defendants have violated federal antitrust laws, including the Sherman Act and Clayton Act, by maintaining a monopoly over MLS services and forcing real estate professionals into mandatory membership with **NAR**, **PAR**, and **GLVMLS**, thereby unlawfully restraining trade.

26. These practices have limited competition, inflated prices, and prevented the emergence of alternative MLS providers, all to the detriment of both professionals and consumers.

### Count III: Breach of Contract

27. Plaintiff realleges and incorporates by reference all preceding paragraphs.

28. Defendants have breached their contractual obligations to Plaintiff by failing to provide a fair and impartial system for resolving disputes and by not adhering to their own stated policies concerning the equitable treatment of all members.

**Count IV: Violation of Due Process (U.S. Constitution, Fifth and Fourteenth Amendments)**

29. Plaintiff realleges and incorporates by reference all preceding paragraphs.

30. Defendants have violated Plaintiff's due process rights by imposing excessive financial barriers to appeals and failing to provide a fair and unbiased adjudication process, as required by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. A declaratory judgment that Defendants' actions, policies, and practices are unlawful and discriminatory, in violation of federal civil rights statutes and antitrust laws;

B. A permanent injunction requiring Defendants to reform their processes to ensure equitable treatment of all members and to eliminate forced membership requirements;

C. An order requiring Defendants to establish alternative MLS systems that are not contingent upon membership in **NAR**, **PAR**, or **GLVMLS**;

D. An order requiring the restructuring of Defendants' leadership and governance policies to ensure greater representation and diversity of minority professionals in decision-making roles;

E. An order mandating the establishment of a transparent and impartial dispute resolution system to address complaints brought by minority members without bias or undue financial burden;

F. Compensatory damages in an amount to be determined at trial, but no less than $5,600,000, to compensate Plaintiff for the harm caused by Defendants' unlawful conduct;

G. Punitive damages sufficient to punish Defendants for their egregious conduct and to deter similar future misconduct;

H. Pre- and post-judgment interest at the maximum legal rate on all damages awarded;

I. An award of reasonable attorney's fees, costs, and expenses incurred in this action;

J. Any such further relief as this Court deems just and equitable.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: September 10, 2024

Respectfully submitted,

**Maurice Muhammad**

1544 Hamilton Street

Allentown, PA 18102

484-894-8100

maurice@mauricemuhammad.com