# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, PENNSYLVANIA ASSOCIATION OF REALTORS, GREATER LEHIGH VALLEY MULTIPLE LISTING SERVICE, ALLYSON LYSAGHT, ESQ., JUSTIN POREMBO, RICHARD BRENT SOMACH, ESQ., PAUL MYERS, ROB MCCANN, KIM LUCAS MANTZ, MELANIE ONESTO, JANE DOE 1, RASOUL WILSON, SANYAE WILSON,<br><br>      Defendants. | Case No. 5:24-cv-05543-JFL<br><br>Hon. Joseph F. Leeson, Jr.<br><br>**DEFENDANTS NATIONAL ASSOCIATION OF REALTORS®, PENNSYLVANIA ASSOCIATION OF REALTORS®, GREATER LEHIGH VALLEY REALTORS®, ALLYSON LYSAGHT, AND JUSTIN POREMBO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................................ 1

III.    ARGUMENT ............................................................................................................. 2

        A.    The Court Should Not Permit Plaintiff to Attempt to Bolster His Deficient Complaint by Introducing New Claims and Allegations Through His Oppositions ....... 2

        B.    Plaintiff's Oppositions Do Nothing to Refute What Defendants' Motion to Dismiss Shows—That Plaintiff Fails to State a Claim for Any Cause of Action ........... 3

        C.    Plaintiff's Oppositions Do Nothing to Refute the Fact That His Complaint Fails to Include Even a Single Allegation About Any Individual Defendant .............................. 8

IV.    CONCLUSION AND RELIEF SOUGHT ................................................................. 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*American Society of Mechanical Engineers v. Hydrolevel Corp.*,
    456 U.S. 556 (1982) ......................................................................................................... 6

*Aponte v. Pottstown Sch. Dist.*,
    No. 18-cv-3199, 2019 U.S. Dist. LEXIS 116728 (E.D. Pa. July 11, 2019) ...................... 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................... 5

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*,
    531 U.S. 288 (2001) ......................................................................................................... 4

*Burns v. Stratos*,
    No. 22-1319, 2023 U.S. App. LEXIS 14854 (3d Cir. June 15, 2023) ............................. 2

*Cannon v. Ashburn Corp.*,
    No. 16-cv-1452, 2016 U.S. Dist. LEXIS 169040 (D.N.J. Dec. 7, 2016) ......................... 2

*Davies v. Leighton Police Dep't*,
    No. 91-cv-3651, 1991 U.S. Dist. LEXIS 8839 (E.D. Pa. June 27, 1991) ........................ 5

*Eastman Kodak Co. v. Image Tech. Servs.*,
    504 U.S. 451 (1992) ......................................................................................................... 7

*Edwards v. State*,
    No. 22-cv-2396, 2022 U.S. Dist. LEXIS 153905 (D.N.J. Aug. 26, 2022) ....................... 9

*Findling v. Realcomp II, Ltd.*,
    No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082 (E.D. Mich. Mar. 22, 2018) ................ 6

*Hatfill v. Ashcroft*,
    404 F. Supp. 2d 104 (D.D.C. 2005) ................................................................................. 3

*In re Mushroom Direct Purchaser Antitrust Litig.*,
    514 F. Supp. 2d 683 (E.D. Pa. 2007) ............................................................................... 7

*Jack v. Rivello*,
    No. 24-cv-1495, 2024 U.S. Dist. LEXIS 222756 (M.D. Pa. Dec. 10, 2024) ................... 5

*Mahan v. Miller*,
    No. 23-cv-4021, 2024 U.S. Dist. LEXIS 163263 (E.D. Pa. Sept. 11, 2024) .................... 5

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ............................................................................................................. 4

*Munchak v. Ruckno*,
    No. 16-cv-1639, 2016 U.S. Dist. LEXIS 171869 (M.D. Pa. Dec. 13, 2016) ......................... 4

*Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*,
    No. 12-cv-974, 2015 U.S. Dist. LEXIS 133304 (S.D.N.Y. Sept. 30, 2015) ......................... 8

*Patterson v. McLean Credit Union*,
    491 U.S. 164 (1989) ............................................................................................................. 5

*Queen City Pizza v. Domino's Pizza*,
    124 F.3d 430 (3d Cir. 1997) ................................................................................................. 6

*Sambrick v. Norristown*,
    639 F. Supp. 1351 (E.D. Pa. 1986) ...................................................................................... 9

*Sanou v. Etemad*,
    No. 05-cv-3871, 2005 U.S. Dist. LEXIS 22390 (E.D. Pa. Oct. 3, 2005) ............................. 7

*Sherman v. State Farm Ins. Co.*,
    No. 17-cv-4822, 2017 U.S. Dist. LEXIS 190363 (E.D. Pa. Nov. 17, 2017) ........................ 8

*Simmons v. Cmty. Serv. Providers*,
    847 F. Supp. 351 (E.D. Pa. 1994) .................................................................................. 9, 10

*Synthes, Inc. v. Emerge Med., Inc.*,
    No. 11-cv-1566, 2012 U.S. Dist. LEXIS 140251 (E.D. Pa. Sept. 28, 2012) ..................... 6, 7

*Szerensci v. Shimshock*,
    No. 20-cv-1296, 2021 U.S. Dist. LEXIS 187873 (W.D. Pa. Sept. 30, 2021) ....................... 4

*Vliet v. Liberty Mut. Pers. Ins. Co.*,
    No. 21-cv-3766, 2022 U.S. Dist. LEXIS 44262 (E.D. Pa. Mar. 14, 2022) .......................... 8

*Willow Creek Fuels, Inc. v. Farm & Home Oil Co.*,
    No. 08-cv-5417, 2009 U.S. Dist. LEXIS 85400 (E.D. Pa. Sept. 18, 2009) ......................... 7

*Young v. Corbett*,
    No. 07-cv-3575, 2009 U.S. Dist. LEXIS 32406 (E.D. Pa. Apr. 15, 2009) .......................... 9

**STATUTES AND RULES**

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................... 1, 2, 10

Fourteenth Amendment ............................................................................................................ 5

Sherman Act Section 1 .................................................................................................... 5, 6, 7

Sherman Act Section 2..................................................................................................................7

**I.     INTRODUCTION**

Last week, Plaintiff filed two separate briefs on different days that appear to oppose Defendants' Motion to Dismiss—though neither does so successfully. *See* ECF Nos. 37 and 44. Plaintiff's briefs are confusing and improper, and it is prejudicial to Defendants to expend resources addressing multiple briefs on the same subject. Nonetheless, to expedite the Court's ability to consider the Complaint on its merits, Defendants National Association of REALTORS® ("NAR"), Pennsylvania Association of REALTORS® ("PAR"), Greater Lehigh Valley REALTORS® ("GLVR"), Allyson Lysaght, and Justin Porembo submit this Reply in support of their Motion to Dismiss and respond to both ECF Numbers 37 and 44. Neither of Plaintiff's briefs address the pleading deficiencies raised by Defendants' Motion. Instead, Plaintiff summarily states that the Complaint sufficiently alleges each cause of action (ECF No. 44), which it patently does not. Plaintiff also improperly adds new factual allegations and claims and tries to use them to establish a plausible basis for naming each individual Defendant (ECF No. 37), where there is none. Accordingly, because none of Plaintiff's arguments in response to Defendants' Motion to Dismiss demonstrate how Plaintiff's Complaint could survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint should be dismissed in its entirety with prejudice for failure to state a claim.

**II.    STATEMENT OF FACTS**

On December 16, 2024, Defendants filed a Motion to Dismiss the Amended Complaint. ECF No. 27 (cited as "MTD"). Defendants argued that Plaintiff's Complaint failed to state a claim for relief as to any cause of action and should be dismissed under Rule 12(b)(6). Plaintiff missed the December 30, 2024 response deadline, and instead filed a deficient motion to amend the Complaint on December 30, 2024. ECF No. 35. Defendants opposed the motion to amend because amendment would be futile and prejudicial to Defendants. ECF No. 41.

1

Then, on January 5, 2025, Plaintiff filed a document titled "Brief in Support of Plaintiff's Motion for Relief," which, from its content and timing (despite being a week late), Defendants understood to be Plaintiff's Opposition to the Motion to Dismiss. ECF No. 37 ("Brief 1"). Accordingly, Defendants began drafting a reply. And then, on January 8, 2025, Plaintiff filed another document, titled "Plaintiff's Response in Opposition to Defendants' Motion to Dismiss," which, entered on the docket the next day, was ten days past the deadline for Plaintiff to file an opposition. ECF No. 44 ("Brief 2," and together with Brief 1 "Plaintiff's Oppositions").

## III.  ARGUMENT

Plaintiff does not meaningfully respond to Defendants' arguments or the myriad pleading deficiencies that Defendants identified—indeed, arguments about fundamental pleading requirements like antitrust injury go ignored. Plaintiff's Oppositions fail to point to specific allegations in the Complaint demonstrating that Plaintiff stated a claim for relief against each Defendant, as he was required to do to survive dismissal under Rule 12(b)(6). *Cannon v. Ashburn Corp.*, No. 16-cv-1452, 2016 U.S. Dist. LEXIS 169040, at *6–7 (D.N.J. Dec. 7, 2016) (explaining that "the permissible role of a plaintiff's opposition brief is merely to explain the 'legal theories . . . that [] find support in the allegations set forth in the complaint'" and dismissing claims under 12(b)(6)).

### A. The Court Should Not Permit Plaintiff to Attempt to Bolster His Deficient Complaint by Introducing New Claims and Allegations Through His Oppositions

Plaintiff cannot introduce new claims and allegations through his Oppositions. *See Burns v. Stratos*, No. 22-1319, 2023 U.S. App. LEXIS 14854, at *6–7 (3d Cir. June 15, 2023) (declining to consider new allegations in plaintiffs' opposition to defendants' motion to dismiss because "a party may not amend its complaint through its brief").

For example, some of Plaintiff's improper bolstering includes: that "Defendants' actions

2

violate their own Code of Ethics" (Brief 1 at 1) and their "own policies" (Brief 2 at 3), that "Defendants breached membership agreements" (*id.*), and that "Defendants' actions have violated . . . DOJ antitrust guidelines" (*id.* at 4). Though not clear to which guidelines Plaintiff refers, guidelines published by the Department of Justice ("DOJ") do not create private rights of action. *See Hatfill v. Ashcroft*, 404 F. Supp. 2d 104, 121 (D.D.C. 2005) (dismissing claim that defendants violated a DOJ regulation because "without a specific intent expressed by Congress for a private right of action arising from the DOJ regulation" there is no cause of action, and the court cannot create one). Plaintiff also references the number of real estate agents in Pennsylvania and makes unclear allegations about a $500 fee related to "the Process of Appeal." Brief 1 at 2, 3. Even if these new allegations were considered, it is not clear what they relate to or what claims they support.

The new allegations and claims that Plaintiff attempts to introduce are still insufficient, but in any event cannot be used as support against dismissal. *See Aponte v. Pottstown Sch. Dist.*, No. 18-cv-3199, 2019 U.S. Dist. LEXIS 116728, at *7–8 (E.D. Pa. July 11, 2019) (rejecting new allegations in plaintiff's briefing because "[h]ere, the procedural flexibility afforded to pro se filings finds an end point," and pro se "leniency does not permit a pro se litigant to 'rely on new facts in submission in response to a motion to dismiss to defeat the motion'" (citations omitted)).

> **B. Plaintiff's Oppositions Do Nothing to Refute What Defendants' Motion to Dismiss Shows—That Plaintiff Fails to State a Claim for Any Cause of Action**

***Plaintiff's Civil Rights and Constitutional Claims Fail.*** *First*, Plaintiff summarily states that "Defendants violated the plaintiff's civil rights by treating him differently due to his minority status" and that "[e]vidence shows" "[i]nconsistent enforcement of complaints and rules" and "[f]ailure to provide a fair and unbiased process for addressing grievances." Brief 1 at 3. Plaintiff also repeats three conclusory statements from his Complaint about "selective enforcement,"

3

Defendants' leadership, and "disparate treatment." Brief 2 at 2. But these bare bones and generalized statements are not sufficient to support a plausibly pled civil rights claim. *See Szerensci v. Shimshock*, No. 20-cv-1296, 2021 U.S. Dist. LEXIS 187873, at *18–19 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability…").

*Second*, Plaintiff references a "case where Allentown Agents met with testers, the report showed bias and disparate treatment" (Brief 1 at 3), presumably referring to the report cited in the Complaint (ECF No. 6 ¶ 9). But the report is not an allegation about how *this Plaintiff* was treated differently on the basis of race and is thus not a fact that supports Plaintiff's claim. MTD at 8. Plaintiff also misuses *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which did not make any findings of "bias" or "disparate treatment."

*Third*, Plaintiff attempts to overcome the lack of state action by alleging for the first time that "the requirement to join NAR and related organizations to access MLS services creates a state-like gatekeeping function, akin to public utilities" and likening it to "essential services." Brief 2 at 2. Yet neither the Complaint (nor Plaintiff's Oppositions) contain a plausible fact supporting Plaintiff's conclusory statement that MLS services are akin to essential public utilities. *See Munchak v. Ruckno*, No. 16-cv-1639, 2016 U.S. Dist. LEXIS 171869, at *3–4 (M.D. Pa. Dec. 13, 2016) (dismissing with prejudice § 1983 claims where plaintiff failed to allege any conduct showing state action where defendants were "private hospitals and private individuals" and plaintiff failed to allege "any facts, nor could she, that defendants' actions are attributable to their respective state"). Plaintiff finds no support in the case he cites (Brief 2 at 2), which held that a statewide athletic association" which had "historically been seen to regulate in lieu of the State Board of Education's exercise of its own authority" could be treated as state action. *Brentwood*

*Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 290–91 (2001).  Plaintiff makes no such allegations, nor could he.

And *fourth*, Plaintiff says his vaguely articulated Due Process violations are "actionable" under the Fourteenth Amendment (Brief 1 at 3), but this is legally incorrect.  Plaintiff still cannot bring a Fourteenth Amendment claim because constitutional amendments "do not create a cause of action; they only create rights."  *Mahan v. Miller*, No. 23-cv-4021, 2024 U.S. Dist. LEXIS 163263, at *4 (E.D. Pa. Sept. 11, 2024).  And *Patterson v. McLean Credit Union*, 491 U.S. 164, 189 (1989) (Brief 1 at 3), is inapposite.

Plaintiff has not, and cannot, state a civil rights or constitutional claim.  *See Davies v. Leighton Police Dep't*, No. 91-cv-3651, 1991 U.S. Dist. LEXIS 8839, at *4 (E.D. Pa. June 27, 1991) ("[P]ro se litigants plaintiffs are entitled to some latitude . . . [but] the complaint states no claims that conceivably would constitute a specific violation of their constitutional rights.").

***Plaintiff's Antitrust Claims Fail.***  Plaintiff's Oppositions repeat only the insufficient "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," found in his Complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Jack v. Rivello*, No. 24-cv-1495, 2024 U.S. Dist. LEXIS 222756, at *6 n.2 (M.D. Pa. Dec. 10, 2024) (rejecting pro se plaintiff's recital of legal theories for claims with "no apparent basis in the complaint" because "'conclusory allegations peppered with legal buzzwords' are insufficient to state a claim").  The Oppositions are silent on Plaintiff's reason or authority for invoking the Clayton Act.  *See* MTD at 10.  Plaintiff's Oppositions also fail to rescue Plaintiff's Sherman Act claims—Plaintiff does not address the dispositive and fundamental failure to allege antitrust injury.  *See id.* at 12.

As to Section 1, Plaintiff states that Defendants "[i]mposed mandatory memberships that

5

restrict access to MLS systems, preventing non-members from competing in the marketplace." Brief 1 at 2. But just repeating this conclusory statement does not show how Plaintiff's Complaint pled facts about such memberships, how they were "mandatory," or how each Defendant relates to the MLS, especially given the "widely recognized" principle "that private organizations may reasonably tie their benefits and services to membership." *Findling v. Realcomp II, Ltd.*, No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082, at *10-11 (E.D. Mich. Mar. 22, 2018). And *American Society of Mechanical Engineers v. Hydrolevel Corp.*, 456 U.S. 556 (1982) (Brief 1 at 2), has nothing to do with Plaintiff's allegations in this case.[1]

In Brief 2, Plaintiff claims that "the Complaint clearly identifies 'MLS Services' as the relevant product market and the geographic market as Pennsylvania and surrounding areas," but makes no effort to address Defendants' arguments for dismissal. Brief 2 at 3. Plaintiff cannot just say something is a product market without explaining anything about that market, including the cross-elasticity of demand or the product and its reasonable substitutes. *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 437 (3d Cir. 1997) (rejecting proposed product market not defined "by reference to the rule of reasonable interchangeability," which is grounds alone for dismissal). The Complaint very clearly did not identify *any* geographic market, and Plaintiff's new reference to "and surrounding areas" is also insufficient. *See Synthes, Inc. v. Emerge Med., Inc.*, No. 11-cv-1566, 2012 U.S. Dist. LEXIS 140251, at *22–23 (E.D. Pa. Sept. 28, 2012) (explaining that merely delineating a geographical area, without referencing a "market as perceived by consumers and suppliers," is insufficient to plead a geographic market).

As to conspiracy under Section 1, Plaintiff's statement that Defendants "[e]nforced

---

[1] Plaintiff also cites "*United States v. National Ass'n of Realtors*, 512 F. Supp. 3d 1 (D.D.C. 2021)" but Defendants were unable to locate this case citation.

exclusionary practices that favor certain professionals while limiting opportunities for others" (Brief 1 at 2), lacks any requisite detail sufficient to plead how each Defendant engaged in an unlawful conspiracy. *See Willow Creek Fuels, Inc. v. Farm & Home Oil Co.*, No. 08-cv-5417, 2009 U.S. Dist. LEXIS 85400, at *10–12 (E.D. Pa. Sept. 18, 2009) (dismissing Section 1 claim for failure to state a claim). Plaintiff also simply repeats his "mandatory memberships" allegation but does not address Defendants' arguments on this point in their Motion to Dismiss.

As to monopolization under Section 2, the only potentially relevant statement in Brief 1 is "Defendants' control of MLS systems and arbitrary enforcement of rules amounts to monopolistic conduct." Brief 1 at 2. But a Section 2 claim requires both monopoly power in a defined relevant market and that the defendant engaged in exclusionary conduct to acquire or maintain that power. *In re Mushroom Direct Purchaser Antitrust Litig.*, 514 F. Supp. 2d 683, 700 (E.D. Pa. 2007). Plaintiff pleads neither. Brief 2 summarily states that the Complaint "adequately alleges monopolistic conduct," and repeats allegations about "mandatory membership requirements" and that Defendants "leverag[e] control over MLS systems." Brief 2 at 3. The first allegation fails for the reasons explained above, and the second is meaningless where the Complaint lacks *any* detail about Defendants' purported control or how they "leverage" it in a way that *harms competition*. *See Synthes*, 2012 U.S. Dist. LEXIS 140251, at *52 (dismissing antitrust claims supported only by "conclusory and haphazard allegations that purport to impute antitrust liability" because "*Twombly/Iqbal* . . . demand[s] 'more than a sheer possibility that a defendant has acted unlawfully'" (citation omitted)). *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451 (1992) does not stand for the proposition for which it is cited and is factually inapposite. Brief 2 at 3.

Plaintiff's conclusory statements, which fail to plead any element of an antitrust violation, are insufficient to state a claim under the Sherman Act. *Sanou v. Etemad*, No. 05-cv-3871, 2005

U.S. Dist. LEXIS 22390, at *4 (E.D. Pa. Oct. 3, 2005) (dismissing pro se claims where "[e]ven with the deference due *pro se* plaintiffs," there was "no well-pled violation of the Sherman Act").

***Plaintiff's Breach of Contract Claim Fails.*** In Brief 2, Plaintiff improperly alleges for the first time that Defendants breached "membership agreements" and their "own policies" and "violat[ed] the implied covenant of good faith and fair dealing." Brief 2 at 3. But Plaintiff has not shown how the Complaint alleged the existence of a contract (apparently now based on Defendants' "policies"), its essential terms, Defendants' duty, or damages. *Vliet v. Liberty Mut. Pers. Ins. Co.*, No. 21-cv-3766, 2022 U.S. Dist. LEXIS 44262 at *3 (E.D. Pa. Mar. 14, 2022) (dismissing complaint which alleged violation of a contractual duty but did not allege the existence of a contract). Moreover, under Pennsylvania law, a claim for breach of the implied covenant of good faith and fair dealing is not an independent cause of action where breach of contract is already alleged. *Sherman v. State Farm Ins. Co.*, No. 17-cv-4822, 2017 U.S. Dist. LEXIS 190363, at *7 (E.D. Pa. Nov. 17, 2017) (rejecting breach of implied covenant of good faith and fair dealing where breach of contract was alleged).

### C. Plaintiff's Oppositions Do Nothing to Refute the Fact That His Complaint Fails to Include Even a Single Allegation About Any Individual Defendant

Brief 2 does not address the fact that Plaintiff failed to include allegations about any individual Defendant. And Brief 1 argues that "dismissal of individual members of [GLVR] would significantly undermine the plaintiff's case," that they "possess[] critical knowledge and played a significant role in events central to this case," and that they "are integral to demonstrating" the lack of due process, disparate treatment, and "specific actions." Brief 1 at 3. These are not allegations of wrongdoing sufficient to support a cause of action. *See Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-cv-974, 2015 U.S. Dist. LEXIS 133304, at *90-91 (S.D.N.Y. Sept. 30, 2015) (dismissing defendant where plaintiff failed to allege any

personal involvement on the part of the defendant).

It was not clear from the Complaint—and is still not clear from the Oppositions—which claims Plaintiff brings against which individual Defendants. Plaintiff's Complaint falls far short of the requirement that a complaint provide a defendant with fair notice of the plaintiff's claims against them and the grounds upon which they rest. *Simmons v. Cmty. Serv. Providers*, 847 F. Supp. 351, 353 (E.D. Pa. 1994) (dismissing complaint where allegations were insufficient "to put the defendant on notice of what it is being charged with and to enable it to formulate a defense").

Moreover, "[a] plaintiff must allege facts that 'establish each individual [d]efendant's liability for the misconduct alleged,' and mere 'conclusory allegations against defendants as a group' that 'fail[] to allege the personal involvement of any defendant' are insufficient to survive a motion to dismiss." *Edwards v. State*, No. 22-cv-2396, 2022 U.S. Dist. LEXIS 153905, at *8 (D.N.J. Aug. 26, 2022) (dismissing claims where plaintiff added defendant's name to a claim but "d[id] not provide any allegations naming [the defendant] as a participant in the alleged wrongdoing underlying the claim"). Plaintiff has not made specific allegations about each individual Defendant. Instead, he makes general allegations that apparently apply to all the individual Defendants. Brief 1 at 3–4. These general allegations were not in the Complaint and, in any event, are insufficient to state a claim against any individual Defendant.

Plaintiff cites *Sambrick v. Norristown*, 639 F. Supp. 1351 (E.D. Pa. 1986)—which *dismissed* civil rights and constitutional claims for failure to state a claim—and argues "[i]n line with this precedent, the plaintiff has provided detailed allegations demonstrating each individual's direct involvement in the claims raised." Brief 1 at 4. This is patently false. The Complaint is devoid of *any factual allegations* mentioning any individual Defendant. *See Young v. Corbett*, No. 07-cv-3575, 2009 U.S. Dist. LEXIS 32406, at *3–4 (E.D. Pa. Apr. 15, 2009) (dismissing civil

9

rights claims lacking "allegations of personal involvement on the part of [the individual] defendants . . . in the alleged violation of his rights" and where even the opposition brief failed to "allege that these defendants were personally involved in any constitutional violations").

And while Plaintiff refers to Defendant Allyson Lysaght by name in Brief 1, he fails to show how the allegations *in the Complaint* state a claim against her.  Plaintiff's only statement as to Ms. Lysaght (Brief 1 at 3) is an impermissible attempt to amend the Complaint.  But even if this statement were considered, this singular non-specific statement is untethered to any claim or cause of action and is insufficient to put Ms. Lysaght on notice of the claims against her and the grounds upon which they rest.  *Simmons*, 847 F. Supp. at 353.  The cases Plaintiff cites, to the extent Defendants could identify them, are inapplicable here.  Brief 1 at 4.

Plaintiff's Complaint does not contain a single allegation about any individual Defendant, thus failing to plead any claims against them, and his Oppositions do not show otherwise.

## IV.  CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Rule 12(b)(6).

Dated:  January 13, 2025

                                              NORRIS MCLAUGHLIN P.A.

                                              *s/ James J. Scanlon*
                                              James J. Scanlon
                                              PA Attorney ID 79557
                                              515 W. Hamilton Street, Suite 502
                                              Allentown, PA 18101
                                              T:  (484) 765-2239
                                              F:  (610) 391-1805
                                              jjscanlon@norris-law.com

                                              *Attorney for Defendants National*
                                              *Association of REALTORS®, Greater*

*Lehigh Valley REALTORS®, Allyson Lysaght, and Justin Porembo*

FREEMAN MATHIS & GARY LLP

*s/Ashley L. Taragna*
William H. Catto
PA Attorney ID 73251
Ashley L. Taragna
PA Attorney ID 324209
1600 Market Street, Suite 1210
Philadelphia, PA 19103-7240
T:  (215) 279-8085
F:  (833) 284-9665
wcatto@fmglaw.com
ashley.taragna@fmglaw.com

*Attorneys for Defendant Pennsylvania Association of REALTORS®*

## CERTIFICATE OF SERVICE

I certify that on January 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to pro se Plaintiff. I also certify that a copy of the Reply was mailed to pro se Plaintiff at:

Maurice Muhammad
1544 Hamilton Street
Allentown, PA 18102

*s/ James J. Scanlon*

James J. Scanlon
PA Attorney ID 79557