# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>               Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, PENNSYLVANIA ASSOCIATION OF REALTORS, GREATER LEHIGH VALLEY MULTIPLE LISTING SERVICE, ALLYSON LYSAGHT, ESQ., JUSTIN POREMBO,<br><br>               Defendants. | Case No. 5:24-cv-05543-JFL<br><br>Hon. Joseph F. Leeson, Jr.<br><br>**BRIEF IN SUPPORT OF DEFENDANTS NATIONAL ASSOCIATION OF REALTORS®, PENNSYLVANIA ASSOCIATION OF REALTORS®, GREATER LEHIGH VALLEY REALTORS®, ALLYSON LYSAGHT, AND JUSTIN POREMBO'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................................................................................iii

I.       INTRODUCTION .................................................................................................... 1

II.      STATEMENT OF ALLEGATIONS ......................................................................... 2

III.     STATEMENT OF THE QUESTIONS INVOLVED ................................................. 3

IV.      SUMMARY OF ARGUMENT................................................................................... 3

V.       ARGUMENT ............................................................................................................ 3

         A.       Plaintiff Fails to State an Antitrust Claim Under the Sherman Act ........................ 4

         B.       Plaintiff Fails to State a Claim Under the Fair Housing Act................................... 9

         C.       Plaintiff's Civil Rights and Due Process Claims Fail as a Matter of Law............ 12

         D.       Plaintiff Does Not Plead Sufficient Facts to State a Claim Under Pennsylvania's
                  Unfair Trade Practices Statute ............................................................................. 16

         E.       The Second Amended Complaint Must Be Dismissed as to Allyson Lysaght and
                  Justin Porembo for the Independent Reason that It Fails to Include *Any* Facts
                  About Their Involvement in the Alleged Conduct................................................. 19

VI.      CONCLUSION AND RELIEF SOUGHT.................................................................. 20

**Page(s)**

**CASES**

*Angeloff v. Deardorff,*
No. 09-cv-02169, 2011 U.S. Dist. LEXIS 7831 (M.D. Pa. Jan. 7, 2011)...............................18

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...........................................................................................................3

*Baldston v. Medtronic Sofamor Danek, Inc.,*
152 F. Supp. 2d 772 (E.D. Pa. 2001) ................................................................................16

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007).....................................................................................................4, 6

*Benjamin v. Benjamin,*
No. 17-cv-3666, 2017 U.S. Dist. LEXIS 156112 (E.D. Pa. Sept. 25, 2017) ............................4

*Bida v. Shuster Mgmt. LLC,*
No. 18-cv-10975, 2019 U.S. Dist. LEXIS 41775 (D.N.J. Mar. 14, 2019) .............................10

*Brown v. Phillip Morris, Inc.,*
250 F.3d 789 (3d. Cir. 2001)............................................................................................15

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,*
429 U.S. 477 (1997).........................................................................................................5

*Butakis v. NVR, Inc.,*
668 F. Supp. 3d 349 (E.D. Pa. 2023) ................................................................................17

*Cargill, Inc. v. Monfort of Colo., Inc.,*
479 U.S. 104 (1986).........................................................................................................5

*Commonwealth by Creamer v. Monumental Props., Inc.,*
459 Pa. 450 (Pa. 1974)....................................................................................................18

*Condon v. Nester,*
No. 23-cv-838, 2023 U.S. Dist. LEXIS 51245 (E.D. Pa. Mar. 27, 2023) ..............................14

*Cornerstone Residence, Inc. v. City of Clairton,*
No. 17-cv-706, 2017 U.S. Dist. LEXIS 184769 (W.D. Pa. Nov. 8, 2017).............................10

*Coulston v. Glunt,*
665 F. App'x 128 (3d Cir. 2016) ........................................................................................4

*Creative Educ. Concepts Charter Sch. v. Prime Ins. Syndicate, Inc.*,
    No. 99-cv-5571, 2000 U.S. Dist. LEXIS 6732 (E.D. Pa. May 8, 2000) .................................16

*Desimone v. U.S. Claims Servs.*,
    858 F. App'x 492 (3d Cir. 2021) ...........................................................18

*Findling v. Realcomp II, Ltd.*,
    No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082 (E.D. Mich. Mar. 22, 2018) .......................8

*Fitzpatrick v. State Farm Ins. Cos.*,
    No. 09-cv-1498, 2010 U.S. Dist. LEXIS 51348 (W.D. Pa. May 10, 2010) ............................17

*FTC v. Ind. Fed'n of Dentists*,
    476 U.S. 447 (1986) ..............................................................................8

*Gabriel v. O'Hara*,
    368 Pa. Super. 383 (Pa. Super. Ct. 1987) ...........................................18, 19

*Galicki v. New Jersey*,
    No. 14-cv-169, 2015 U.S. Dist. LEXIS 84365 (D.N.J. June 29, 2015) ................................20

*Groman v. Twp. of Manalapan*,
    47 F.3d 628 (3d Cir. 1995) .....................................................................12

*In re Ins. Brokerage Antitrust Litig.*,
    618 F.3d 300 (3d Cir. 2010) ....................................................................8

*Jones v. Caliber Home Loans, Inc.*,
    No. 18-cv-1023, 2019 U.S. Dist. LEXIS 124527 (M.D. La. July 24, 2019) ..........................10

*Jones v. Educ. Testing Serv.*,
    No. 23-cv-20326, 2024 U.S. Dist. LEXIS 165087 (D.N.J. Sept. 13, 2024) ..........................14

*Kach v. Hose*,
    589 F.3d 626 (3d Cir. 2009) ...................................................................13

*Kaluszyner v. Bank of N.Y.*,
    No. 19-cv-14777, 2020 U.S. Dist. LEXIS 56824 (D.N.J. Mar. 25, 2020) .........................9, 10

*Kerwin v. Parx Casino*,
    802 F. App'x 723 (3d Cir. 2020) ...............................................................6

*Lawal v. McDonald*,
    546 F. App'x 107 (3d Cir. 2014) ..............................................................19

*Leone v. N. Jersey Orthopaedic Specialists, P.A.*,
    No. 11-cv-3957, 2012 U.S. Dist. LEXIS 59174 (D.N.J. Apr. 27, 2012) ..............................14

*Leshko v. Servis*,
423 F.3d 337 (3d Cir. 2005)..........................................................................13

*Linko v. Educ. Servs.*,
No. 12-cv-355, 2012 U.S. Dist. LEXIS 58351 (M.D. Pa. Apr. 26, 2012)..............16

*Lorenz v. CSX Corp.*,
1 F.3d 1406 (3d Cir. 1993)..........................................................................20

*Mahan v. Miller*,
No. 23-cv-4021, 2024 U.S. Dist. LEXIS 163263 (E.D. Pa. Sept. 11, 2024)...............3, 12, 14

*McCullough v. Zimmer, Inc.*,
382 F. App'x 225 (3d Cir. 2010) ....................................................................5

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)..................................................................................14

*Mims v. City of New Castle*,
No. 20-cv-1814, 2021 U.S. Dist. LEXIS 228478 (W.D. Pa. Nov. 30, 2021)..........11

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997)..........................................................................5

*Mosley v. Purdue Pharma LP*,
No. 24-cv-3833, 2024 U.S. Dist. LEXIS 160299 (E.D. Pa. Sept. 6, 2024) ..........15

*Nahas v. Shore Med. Ctr.*,
No. 13-cv-6537, 2014 U.S. Dist. LEXIS 137178 (D.N.J. Sept. 29, 2014) ..........16

*O'Neil v. Salas*,
No. 21-cv-63, 2021 U.S. Dist. LEXIS 7416 (D. Nev. Jan. 14, 2021).....................9

*Page v. Priore*,
No. 24-cv-2462, 2024 U.S. Dist. LEXIS 109519 (E.D. Pa. June 21, 2024)..........14

*Patterson v. McLean Credit Union*,
491 U.S. 164 (1989)..................................................................................12

*Pellegrino v. State Farm Fire & Cas. Co.*,
No. 12-cv-2065, 2013 U.S. Dist. LEXIS 105511 (E.D. Pa. July 29, 2013) ..........17, 18

*Phila. Taxi Ass'n v. Uber Techs.*,
886 F.3d 332 (3d Cir. 2018)..........................................................................5

*Queen City Pizza v. Domino's Pizza*,
124 F.3d 430 (3d Cir. 1997)..........................................................................6

*Sanou v. Etemad*,
    No. 05-cv-3871, 2005 U.S. Dist. LEXIS 22390 (E.D. Pa. Oct. 3, 2005) ...............................7

*Shulman v. Facebook.com (Inc.)*,
    788 F. App'x 882 (3d Cir. 2019) .........................................................................3

*Simmons v. Warden Bishop of Venango Cty. Prison*,
    No. 22-cv-27, 2024 U.S. Dist. LEXIS 19829 (W.D. Pa. Feb. 5, 2024)..................................13

*Smith v. Town of Clarkton*,
    682 F.2d 1055 (4th Cir. 1982) ...................................................................11, 12

*Spieth v. Bucks Cnty. Hous. Auth.*,
    594 F. Supp. 2d 584 (E.D. Pa. 2009) ............................................................9, 11

*Synthes, Inc. v. Emerge Med., Inc.*,
    No. 11-cv-1566, 2012 U.S. Dist. LEXIS 140251 (E.D. Pa. Sept. 28, 2012)....................7, 8, 9

*Taylor v. Commonwealth*,
    No. 12-cv-3369, 2018 U.S. Dist. LEXIS 210370 (E.D. Pa. Dec. 12, 2018)..............................6

*Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*,
    576 U.S. 519 (2015)..............................................................................10

*United States v. Associated Press*,
    326 U.S. 1 (1945)..................................................................................8

*United States v. Fid. Deposit & Disc. Bank*,
    No. 19-cv-1824, 2022 U.S. Dist. LEXIS 134185 (M.D. Pa. July 27, 2022) ..........................19

*United States v. National Association of Realtors*,
    No. 1:20-cv-3356 (D.D.C. Nov. 19, 2020) .............................................................8

*Valentin v. Esperanza Hous. Counseling*,
    No. 18-cv-1984, 2019 U.S. Dist. LEXIS 128180 (E.D. Pa. July 31, 2019) ...........................15

*Venture Res. Grp. v. Greater N.J. Reg'l Multiple Listing Serv.*,
    No. 95-cv-0401, 1995 U.S. Dist. LEXIS 21177 (D.N.J. Aug. 23, 1995) ................................8

*Walthour v. Child & Youth Servs.*,
    728 F. Supp. 2d 628 (E.D. Pa. 2010) ..................................................................4

*Wartluft v. Milton Hershey Sch. & Sch. Tr.*,
    400 F. Sup. 3d 91 (M.D. Pa. 2019) ....................................................................9

*Young v. Lehigh Corp.*,
    No. 80-cv-4376, 1989 U.S. Dist. LEXIS 11575 (N.D. Ill. Sept. 18, 1989)..............................6

## STATUTES AND RULES

42 U.S.C. § 1981 ....................................................................................................3, 14

42 U.S.C. § 1983 ....................................................................................................3, 12

42 U.S.C. § 3602(i)(1) .................................................................................................9

42 U.S.C. § 3613(a)(1)(A) ..........................................................................................9

73 Pa. Stat. § 201-3(a) ..............................................................................................16

Fair Housing Act ............................................................................................... passim

Federal Rule of Civil Procedure 8(a)(2) ...............................................................4, 17

Federal Rule of Civil Procedure 9(b) ..................................................................17, 18

Federal Rule of Civil Procedure 12(b)(6) ..............................................................3, 4

Pennsylvania's Unfair Trade Practices and Consumer Protection Law ............... passim

Sherman Act § 1 .......................................................................................................6, 8

Sherman Act § 2 ..........................................................................................................6

# I.    INTRODUCTION

Plaintiff's eight-page Second Amended Complaint ("SAC") is troubling—it does not include a single plausible factual allegation against the National Association of REALTORS® ("NAR"), Pennsylvania Association of REALTORS® ("PAR"), Greater Lehigh Valley REALTORS® ("GLVR"), Allyson Lysaght, or Justin Porembo.  None of Plaintiff's inflammatory (yet still conclusory) claims are supported by facts that can be accepted as true on a motion to dismiss.  Violating this Court's order, Plaintiff again fails to identify the role of each Defendant— including the two individuals he continues to name in this lawsuit—in the conduct vaguely referenced throughout the SAC.

Regardless, Plaintiff asserts a wide range of claims against all Defendants, including antitrust claims, violations of the Fair Housing Act, civil rights and due process claims, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  Plaintiff sets forth no facts supporting a theory of anticompetitive harm or any other element of the antitrust laws, alleges no incident or act of discrimination, fails to explain how due process applies to private trade associations or individuals, and has not established standing or a claim under the UTPCPL.

Indeed, it is not clear what facts or conduct even gives rise to this sprawling lawsuit.  Plaintiff refers vaguely to ethics violations charges against him and takes issue with disciplinary actions taken in light of those charges.  Tellingly, Plaintiff fails to plead a single fact from which the Court could discern the nature of the violations or the resulting process forming the basis of his lawsuit.  Plaintiff also makes broad statements about "control over MLS access," "real estate licensing," and "mandatory membership."  But these assertions, too, have no support in fact.

Plaintiff had the benefit of Defendants' first motion to dismiss.  Yet the SAC did not remedy any of the pleading deficiencies Defendants identified and Plaintiff dug in on his baseless theories.

Defendants respectfully request that the Court dismiss the SAC with prejudice as to all Defendants.

## II.   STATEMENT OF ALLEGATIONS

Plaintiff alleges that he is a licensed real estate agent and a member of the National Association of REALTORS®. SAC ¶ 3. Plaintiff's allegations do not identify any Defendant's supposed role in the vaguely-identified conduct. Plaintiff's allegations instead include vague statements about alleged "disparate enforcement of ethical complaints," but include no facts about the ethical complaints or resulting enforcement. *Id*. ¶ 5; *see also id.* ¶¶ 7, 27, 30, 33 (vague references to a "complainant"). Plaintiff asserts that harsher penalties were imposed on Plaintiff than on "similarly situated non-minority professionals," but provides no allegations about the penalties imposed on Plaintiff or anyone else. *Id*. ¶ 24. Plaintiff argues that "Defendants" pursued disciplinary charges against him in an "inconsistent and retaliatory manner" in violation of his due process rights. *Id.* ¶ 34. Plaintiff again fails to include allegations about such disciplinary charges, let alone how they were applied in an inconsistent or retaliatory manner, or by which Defendants.

Plaintiff also makes vague assertions about access to the multiple listing service ("MLS"). *Id*. ¶ 12. For example, Plaintiff asserts that "Defendants" violated competition laws by engaging "in anticompetitive practices by restricting MLS access to NAR members, imposing excessive fees and fines to eliminate competition and engaging in steering to maintain an unfair market advantage." *Id.* Plaintiff does not allege how each Defendant has "used their control over MLS access" or is otherwise involved in "MLS systems," yet he states that all Defendants prevent real estate agents from accessing the multiple listing service maintained and operated by GLVR unless agents are members of NAR, PAR, and GLVR. *Id.* ¶¶ 14–16, 37, 44. Plaintiff includes no facts supporting this statement, which is objectively false.

## III. STATEMENT OF THE QUESTIONS INVOLVED

Should the Court dismiss Plaintiff's Second Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure?  Specifically:

1. Has Plaintiff stated a claim under the Sherman Act?

2. Has Plaintiff stated a claim under the Fair Housing Act?

3. Has Plaintiff stated a due process claim or a claim under 42 U.S.C. § 1981 or 42 U.S.C. § 1983?

4. Has Plaintiff stated a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law?

## IV. SUMMARY OF ARGUMENT

Like his first two complaints, Plaintiff's Second Amended Complaint contains conclusory and threadbare allegations that fail to state a claim for any legal claim he cites: (1) Plaintiff fails to allege facts supporting any element required to state an antitrust claim; (2) Plaintiff has not made clear what FHA claim he intends to bring, and his threadbare and conclusory assertions do not establish disparate impact, disparate treatment, or discriminatory intent; (3) Plaintiff does not allege that any Defendants are state actors, or that they should be subject to any other law obliging a private individual to maintain due process; and (4) Plaintiff has not pled facts to establish standing or to state a claim under the UTPCPL.  The SAC should be dismissed with prejudice.

## V. ARGUMENT

A complaint will be dismissed under Rule 12(b)(6) if it "fails to allege sufficient factual matter that, if accepted as true, could 'state a claim to relief that is plausible on its face.'" *Shulman v. Facebook.com (Inc.)*, 788 F. App'x 882, 884–85 (3d Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (affirming dismissal of pro se complaint that failed to plead any claim); *see also Mahan v. Miller*, No. 23-cv-4021, 2024 U.S. Dist. LEXIS 163263, at *1–2, 6 (E.D. Pa. Sept.

11, 2024) (dismissing pro se complaint with prejudice for failure to state a claim). Under *Twombly*, there must be "specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 570 (2007) (holding antitrust complaint must be dismissed for failure to "state a claim to relief that is plausible on its face"). The court will not "credit bare assertions and legal conclusions." *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 637–38 (E.D. Pa. 2010) (dismissing complaint containing "merely threadbare conclusory statements which cannot suffice to defeat a Rule 12(b)(6) motion to dismiss").

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," but "must 'still allege sufficient facts in their complaints to support a claim.'" *Benjamin v. Benjamin*, No. 17-cv-3666, 2017 U.S. Dist. LEXIS 156112, at *5 & n.24 (E.D. Pa. Sept. 25, 2017) (quoting *Coulston v. Glunt*, 665 F. App'x 128, 130 (3d Cir. 2016)) (dismissing pro se complaint for failure to state a claim due to insufficient factual allegations). Even under a liberal reading of the SAC, Plaintiff fails to state a plausible claim for relief. The SAC is conclusory and lacks well-pled factual allegations, failing to put Defendants on notice of the claims against them.

A. **Plaintiff Fails to State an Antitrust Claim Under the Sherman Act**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Sherman Act claims (Count I) are vague and conclusory and should be dismissed. As the Supreme Court has instructed, "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558. Plaintiff's allegations do not include a plausible fact that establishes a single element of an antitrust claim—whatever the theory may be—and Plaintiff's claim must be dismissed.

1.    **Plaintiff's Failure to Plead Antitrust Injury Requires Dismissal of Plaintiff's Sherman Act Claims**

Regardless of Plaintiff's theory of harm, he fails to allege antitrust standing—a threshold pleading-stage inquiry in every antitrust case. *See McCullough v. Zimmer, Inc.*, 382 F. App'x 225, 230 (3d Cir. 2010) (directing courts to consider "antitrust injury at the outset, because '[i]f antitrust injury is not found, further inquiry is unnecessary'"). "Antitrust injury" is an essential element of antitrust standing, and is "injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489–90 (1997); *see also Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 110 & n.5 (1986) (noting that antitrust injury is a "necessary, but not always sufficient," element of antitrust standing).

Plaintiff states that Defendants "engaged in anticompetitive practices by . . . imposing excessive fees and fines to eliminate competition," and that "[t]he effect of Defendants' conduct is a direct suppression of market competition." SAC ¶¶ 12, 15. But Plaintiff does not provide any factual *allegations* suggesting harm to competition (or what "market" the competition is in (*infra* Part V.A.3)). The Court need not credit Plaintiff's vague conclusions. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908–09 (3d Cir. 1997) (affirming dismissal of complaint because a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss" (internal quotations omitted)).

To the extent Plaintiff's antitrust allegations arise out of his vague and conclusory statements about MLS access (SAC ¶¶ 9, 12, 37, 40, 48), his grievances are not antitrust claims. *See, e.g.*, *Phila. Taxi Ass'n v. Uber Techs.*, 886 F.3d 332, 344 (3d Cir. 2018) (affirming dismissal of antitrust claims when plaintiffs "allege[d] their own injury, namely, financial hardship," but did not "aver an antitrust injury, such as a negative impact on consumers or to competition in general");

*Young v. Lehigh Corp.*, No. 80-cv-4376, 1989 U.S. Dist. LEXIS 11575, at *47–48 (N.D. Ill. Sept. 18, 1989) (holding that plaintiff lacked standing when "plaintiff may have suffered an 'injury' in paying for club membership that he did not need or want," but did not plausibly allege how "competition in the country-club market" was adversely affected).

### 2. Plaintiff Does Not Plead the Existence of an Agreement, Which Is Required to State a Violation of Section 1 of the Sherman Act

Plaintiff cites Section 1 of the Sherman Act in Count I, claiming that "Plaintiff was subject to restraint of trade when GLVMLS applied inconsistent fees and denied access to MLS data, violating 15 U.S.C. § 1 (Sherman Act)," and makes a passing reference to "price-fixing arrangements." SAC ¶¶ 11, 16. Plaintiff cites no facts supporting an unlawful agreement or a conspiracy, let alone facts supporting purported "price-fixing arrangements." Plaintiff's claim must be dismissed. *See Twombly*, 550 U.S. at 556 (holding that a plaintiff must provide "enough factual matter . . . to suggest that an agreement was made"); *Kerwin v. Parx Casino*, 802 F. App'x 723, 725–26 (3d Cir. 2020) (affirming dismissal of Sherman Act Section 1 claims which failed to put forth any facts suggesting an agreement or concerted action).

### 3. Plaintiff Fails to Plead a Relevant Market, Let Alone Market Power in that Market

Both Sections 1 and 2 of the Sherman Act require a plaintiff to show market power or monopoly power, respectively, in a relevant market. *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 436-437, 443 (3d Cir. 1997) (affirming dismissal of claims under Sections 1 and 2 where plaintiff failed to demonstrate market power, monopoly power, or plead a relevant market). Plaintiff has not done anything close.

The SAC's scant and oblique references to "suppression of market competition" (¶ 15) do not plead the contours of either a geographic or product market, or any facts to support a market definition. *See Taylor v. Commonwealth*, No. 12-cv-3369, 2018 U.S. Dist. LEXIS 210370, at *71

(E.D. Pa. Dec. 12, 2018) (dismissing claim where "Plaintiff only pleads conclusory allegations peppered with legal buzzwords"); *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-cv-1566, 2012 U.S. Dist. LEXIS 140251, at *54 (E.D. Pa. Sept. 28, 2012) (dismissing antitrust claims that made no "plausible attempt to define either the relevant geographic market or the relevant product market" or plead "any factual allegations that create an inference of monopoly power"). Nor does the SAC plead any facts from which to infer that any Defendant possesses market or monopoly power in that market, requiring dismissal of Plaintiff's Sherman Act claims.

### 4. Plaintiff Does Not Allege Anticompetitive Conduct

While the SAC invokes monopolization—summarily stating that Defendants will "continue to engage in monopolistic and exclusionary practices" (¶ 18)—the SAC identifies *no conduct* or practice *by any Defendant* that is exclusionary, which requires dismissal of Plaintiff's claim. *See Synthes, Inc.*, 2012 U.S. Dist. LEXIS 140251, at *52 (dismissing antitrust claims supported only by "conclusory and haphazard allegations that purport to impute antitrust liability" because "*Twombly/Iqbal* standards . . . demand 'more than a sheer possibility that a defendant has acted unlawfully'" (citation omitted)); *Sanou v. Etemad*, No. 05-cv-3871, 2005 U.S. Dist. LEXIS 22390, at *4 (E.D. Pa. Oct. 3, 2005) (dismissing pro se Sherman Act claims with prejudice after finding, "[e]ven with the deference due pro se plaintiffs," there was "no well-pled violation").

While Plaintiff uses the term "tying," his conclusory allegations fail to state a claim. SAC ¶ 44. Plaintiff alleges that "[t]he MLS is an essential tool for real estate professionals," and "Defendants restrict access, forcing agents into NAR membership." *Id.* ¶¶ 10, 14. But the SAC fails to plead facts about such memberships, how Defendants "restrict access" (perhaps, because access is not restricted to licensees with association membership), how Plaintiff was "forc[ed]," and how each Defendant relates to the MLS services at issue.

In any event, even if Plaintiff's vague counterfactual is accepted as true, it is a "widely

recognized" principle "that private organizations may reasonably tie their benefits and services to membership." *Findling v. Realcomp II, Ltd.*, No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082, at *10–11, *13 (E.D. Mich. Mar. 22, 2018) (citing *United States v. Associated Press*, 326 U.S. 1 (1945)) (holding that "Realcomp is a voluntary trade association with membership benefits"—one of which was "access to the MLS"—which, "without more, is not a [Sherman Act] § 1 violation" (citing *FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 458–59 (1986))); *Venture Res. Grp. v. Greater N.J. Reg'l Multiple Listing Serv.*, No. 95-cv-0401, 1995 U.S. Dist. LEXIS 21177, at *8 (D.N.J. Aug. 23, 1995) ("[N]umerous federal and state courts have declined to hold that an antitrust violation is present where a multiple listing service merely conditions access to the multiple listing service upon membership in a board of REALTORS®."). Set against this well-established precedent, Plaintiff cannot cure the deficiency in his original pleading and his claims should be dismissed with prejudice. *Synthes, Inc.*, 2012 U.S. Dist. LEXIS 140251, at *54 (dismissing pro se complaint with prejudice as amendment would be futile).

Plaintiff generally cites "*United States v. National Association of REALTORS®*, No. 1:20-cv-3356 (D.D.C. 2020)," without pointing to any specific docket entry. SAC ¶ 9. Nothing in that action is relevant to Plaintiff's claims.

It is unclear what Plaintiff means when referring to "steering" in the context of the antitrust claim. If Plaintiff intends to state an antitrust claim based on "steering," he has not. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 336 (3d Cir. 2010) (affirming dismissal of antitrust claims brought on a conspiracy to steer theory and finding allegations that brokers deceptively steered their clients to preferred insurer-partners to get commission payments from partners were insufficient to plausibly imply a horizontal conspiracy in violation of the Sherman Act).

Here, Plaintiff's patently "bare bones" antitrust claims are without any supporting facts and

should be dismissed with prejudice. *Synthes, Inc.*, 2012 U.S. Dist. LEXIS 140251, at \*54 (dismissing pro se antitrust claim with prejudice for failure to buttress conclusions with any facts).

## B.    Plaintiff Fails to State a Claim Under the Fair Housing Act

Plaintiff's SAC added a claim under the Fair Housing Act ("FHA") (Count II). It is not clear what FHA claim Plaintiff seeks to bring against Defendants. SAC ¶¶ 19–23. This alone is grounds for dismissal. *O'Neil v. Salas*, No. 21-cv-63, 2021 U.S. Dist. LEXIS 7416, at \*4 (D. Nev. Jan. 14, 2021) ("Plaintiff does not specify whether she brings her FHA claim under a theory of disparate treatment, disparate impact, or reasonable accommodation. A complaint that lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory, including Plaintiff's, 'may be dismissed as a matter of law.'" (internal citations omitted)).

Furthermore, under the FHA, an "aggrieved person" may bring a suit where he has been "injured by a discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A); 42 U.S.C. § 3602(i)(1). Because Plaintiff's allegations related to his FHA claim are so vague, it is unclear if Plaintiff has standing under the FHA. *See Wartluft v. Milton Hershey Sch. & Sch. Tr.*, 400 F. Sup. 3d 91, 102 (M.D. Pa. 2019) (dismissing FHA claims for lack of standing where plaintiffs failed to plead that their injuries were in "zone of interest contemplated by [the FHA]").

If Plaintiff did have standing, he must also plausibly plead conduct giving rise to an FHA claim based on one or more theories of discrimination: (1) disparate impact; (2) intentional discrimination (or "disparate treatment"); or (3) failure to make reasonable accommodations. *Spieth v. Bucks Cnty. Hous. Auth.*, 594 F. Supp. 2d 584, 592 (E.D. Pa. 2009) (granting motion to dismiss). To the extent the Court construes Plaintiff's allegations as a disparate impact or intentional discrimination claim (i.e., disparate treatment), his claims fail.

***Disparate Impact.*** To state a disparate impact FHA claim, "a plaintiff must identify policies that are facially neutral yet discriminatory in effect." *Kaluszyner v. Bank of N.Y.*, No. 19-

cv-14777, 2020 U.S. Dist. LEXIS 56824, at *16 (D.N.J. Mar. 25, 2020). Plaintiff does not identify a rule or policy that had a disparate impact. Plaintiff summarily alleges that the totality of Defendants' "policies, actions, and omissions" have discriminatory impacts "in real estate transactions." SAC ¶ 21. This is insufficient. *See Kaluszyner*, 2020 U.S. Dist. LEXIS 56824, at *16–17 (dismissing disparate impact FHA claim where plaintiffs failed to identify "a neutral policy that results in disproportional discriminatory effect on members of a protected class," and instead had only identified defendants' discrete actions); *Jones v. Caliber Home Loans, Inc.*, No. 18-cv-1023, 2019 U.S. Dist. LEXIS 124527, at *10 (M.D. La. July 24, 2019) (dismissing FHA claims under disparate impact theory where plaintiff did not identify a specific practice or policy that had an allegedly disproportionate adverse effect).

Plaintiff must also allege, with "robust causality," how such a rule or policy had a disparate impact; a mere allegation of a racial imbalance "does not, without more, establish a prima facie case of disparate impact." *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 542–46 (2015) (holding disparate impact claims cognizable under the FHA, but subject to safeguards to prevent disparate impact liability from "displac[ing] valid governmental and private priorities" (internal quotations omitted)). "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Id.* at 543; *see also Bida v. Shuster Mgmt. LLC*, No. 18-cv-10975, 2019 U.S. Dist. LEXIS 41775, at *8–9 (D.N.J. Mar. 14, 2019) (dismissing disparate impact FHA claims where complaint failed to allege facts sufficient to suggest robust causation). Dismissal is warranted here because Plaintiff pled no facts from which the Court could infer that any Defendant's actions have had an impact on any group, including minority professionals. *See Cornerstone Residence, Inc. v. City of Clairton*, No. 17-cv-706, 2017 U.S. Dist. LEXIS 184769,

at *42 (W.D. Pa. Nov. 8, 2017) (dismissing disparate impact claims based on "conclusory allegations, which th[e] Court need not credit").

**Disparate Treatment.** A disparate treatment claim requires a plaintiff to show "that a discriminatory purpose was a motivating factor behind the challenged action." *Spieth v. Bucks Cnty. Hous. Auth.*, 594 F. Supp. 2d 584, 592 (E.D. Pa. 2009) (granting motion to dismiss FHA claims where plaintiff did not allege that defendant had discriminatory motive). It is not clear what action(s) Plaintiff is targeting. Plaintiff merely concludes, but does not plead facts to support, that Defendants treated non-minority real estate professionals more leniently than minority real estate professionals. *See, e.g.*, SAC ¶ 22. Plaintiff provides no factual allegations suggesting that any of the vaguely referenced disciplinary complaints or penalties were imposed in an unfair manner. Plaintiff also claims that "HUD conducted fair housing tests and documented steering practices by NAR and its affiliates," and that Defendants "ignored the findings," but Plaintiff does not plead any supporting facts. *Id.* ¶ 6. Nor is it clear how this allegation relates to Plaintiff's claims.

Plaintiff's conclusory statements are not factual allegations and are insufficient to support a claim that discriminatory purpose was a motivating factor for any Defendant. *See Mims v. City of New Castle*, No. 20-cv-1814, 2021 U.S. Dist. LEXIS 228478, at *24–25 (W.D. Pa. Nov. 30, 2021) (dismissing FHA claims where plaintiff did not plead statistical facts indicating defendants provided housing to minorities at a rate greater than the city average and did not provide a single instance where defendant was alleged to have made certain comments indicating a discriminatory animus). Because Plaintiff does not make even a minimal showing of facts suggestive of a discriminatory purpose, his FHA claims should be dismissed.

Plaintiff cites *Smith v. Town of Clarkton*, 682 F.2d 1055 (4th Cir. 1982) to support his claim, but *Smith* is not relevant here, nor does it excuse Plaintiff's blatant pleading failures. *Smith*

establishes that a government actor's regulations violated the FHA when it discriminatorily interfered with a private organization's attempts to construct low-income housing. *Id.* at 1068.

### C. Plaintiff's Civil Rights and Due Process Claims Fail as a Matter of Law

Count IV should be dismissed because the Fourteenth Amendment does not create a cause of action. Similarly, Plaintiff's § 1981 and § 1983 claims (Count III) fail as a matter of law because Plaintiff pleads no facts to establish that any Defendant acted "under color of state law" to state a civil rights claim and no facts to establish intentional discrimination based on race, respectively.

#### 1. The Fourteenth Amendment Does Not Create a Right of Action Against a Private Entity

In Count IV, Plaintiff brings a due process claim under the Fourteenth Amendment. But the constitutional amendments "do not create a cause of action; they only create rights." *Mahan*, 2024 U.S. Dist. LEXIS 163263, at *4, 7 (dismissing pro se complaint with prejudice for failure to state a claim). Thus, Plaintiff cannot sue under the Fourteenth Amendment. Plaintiff relies on *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989) and states that the procedures employed by Defendants in adjudicating Plaintiff's disciplinary hearing amounted to a violation of Plaintiff's due process rights. SAC ¶ 30. But *Patterson* does not say there is a private right of action under the Fourteenth Amendment. Count IV fails as a matter of law.

#### 2. Plaintiff's Section 1983 Claim Should Be Dismissed Because Defendants Do Not Act Under Color of State Law

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege the violation of a federally protected right committed by a person acting under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (dismissing § 1983 claim for failure to sufficiently allege that defendant acted under the color of law, which is "a threshold issue; there is no liability under § 1983 for those not acting under color of law").

To hold a private party liable under § 1983, there must be "such a close nexus between the

State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (affirming dismissal and finding lack of nexus between the state and foster parents). The Third Circuit applies three broad tests to determine whether state action exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up).

The SAC does not contain a single plausible allegation that any Defendant was acting under color of state law. Instead, the SAC characterizes NAR as a "trade association," PAR as a "state affiliate of NAR," GLVMLS as a "regional MLS," and the two individual defendants as "executives." SAC ¶ 4. On its face, the SAC concedes the lack of state action. Plaintiff next suggests that Defendants are involved in "professional licensing and regulatory enforcement," *id.* ¶ 32, yet shortly thereafter alleges that "Defendants misrepresented their authority, falsely claiming they had the power to revoke Plaintiff's real estate license," *id.* ¶ 38. Not only are these allegations not supported by any facts, Plaintiff does not explain how these private trade organizations are responsible for state licensing. The Court need not accept allegations that are not grounded in reality. *See Simmons v. Warden Bishop of Venango Cty. Prison*, No. 22-cv-27, 2024 U.S. Dist. LEXIS 19829, at *3–4 (W.D. Pa. Feb. 5, 2024) (stating that "a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint" and that a court should rely on "common sense").

Still, Plaintiff states that Defendants used their "control over . . . real estate licensing . . . to create an unfair playing field," SAC ¶ 37, and that Plaintiff was subjected to "forced license

surrender"—though Plaintiff is not clear on who subjected him to the "surrender," does not allege any Defendant has licensing authority, and is inconsistent about whether he still holds a real estate license. *Id.* ¶ 28. Elsewhere, Plaintiff concedes that his licensing issues arose after a visit from the Pennsylvania Real Estate Commission, *id.* ¶ 22, and says that Defendants "threaten[ed] to report him to state licensing authorities," *id.* ¶ 40, each an apparent acknowledgment that Defendants are not the same state entities that control real estate licensing. The Court need not consider these incorrect and contradictory allegations as true. *See Leone v. N.J. Orthopaedic Specialists, P.A.*, No. 11-cv-3957, 2012 U.S. Dist. LEXIS 59174, at *12 (D.N.J. Apr. 27, 2012) (dismissing claim based on conflicting rationales because a court need not credit contradictory factual assertions).

Where, as here, amendment would be futile, dismissal with prejudice is warranted. *See, e.g.*, *Mahan*, 2024 U.S. Dist. LEXIS 163263, at *5–6 (dismissing pro se § 1983 complaint where plaintiff failed to allege any actions that would constitute state action and amendment would be futile); *Page v. Priore*, No. 24-cv-2462, 2024 U.S. Dist. LEXIS 109519, at *5 (E.D. Pa. June 21, 2024) (dismissing pro se § 1983 claim with prejudice against corporate and individual defendants because they were not state actors); *Condon v. Nester*, No. 23-cv-838, 2023 U.S. Dist. LEXIS 51245, at *6 (E.D. Pa. Mar. 27, 2023) (dismissing pro se § 1983 claims with prejudice because the defendant, an attorney, was not a state actor).

### 3. Plaintiff Fails to Plead Facts Sufficient to Support an Inference of Intentional Discrimination Required to State a Section 1981 Claim

To succeed on his § 1981 claim, Plaintiff must first establish a prima facie case of race discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (establishing standard for prima facie discrimination); *Jones v. Educ. Testing Serv.*, No. 23-cv-20326, 2024 U.S. Dist. LEXIS 165087, at *8–10 (D.N.J. Sept. 13, 2024) (applying *McDonnell Douglas* framework

to § 1981 discrimination claim and dismissing claim where plaintiff failed to establish that action taken against him could give rise to an inference of discrimination).  Plaintiff must allege facts to support: "(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d. Cir. 2001) (citation omitted).

The SAC lacks facts setting forth discriminatory events or incidents, let alone each Defendant's participation and discriminatory animus.  The extent of the allegations in the SAC are Plaintiff's conclusory statements that Defendants "discriminated against Plaintiff based on race by imposing harsher penalties than similarly situated non-minority professionals and allowing a Director to use race as a tool for personal grievances."  SAC ¶ 24.  Plaintiff pleads no facts supporting these assertions or *any* details of the penalties or circumstances surrounding them, and these threadbare "facts" and conclusions are not enough to support a claim.  *See Mosley v. Purdue Pharma LP*, No. 24-cv-3833, 2024 U.S. Dist. LEXIS 160299, at *7 (E.D. Pa. Sept. 6, 2024) (dismissing pro se § 1981 claims where plaintiff asserted no facts to show that any defendant engaged in intentional discrimination); *Valentin v. Esperanza Hous. Counseling*, No. 18-cv-1984, 2019 U.S. Dist. LEXIS 128180, at *11–12 (E.D. Pa. July 31, 2019) (dismissing pro se § 1981 claims that failed to show inference of intentional discrimination); *Saravanan v. Drexel Univ.*, No. 17-cv-3409, 2017 U.S. Dist. LEXIS 166940, at *23 (E.D. Pa. Oct. 10, 2017) (dismissing § 1981 claim where conclusory allegations that "the University applied its policies against him 'because of his race'" did not suffice to show intent to discriminate based on race).

Plaintiff repeats several times the conclusory statement that Defendants selectively enforced their rules against him based on race.  *E.g.*, SAC ¶¶ 22, 24–25, 28, 43.  But Plaintiff does

not describe the proceeding forming the basis of his allegations, let alone a single instance where others were treated differently. Plaintiff's civil rights claims should therefore be dismissed. *See Nahas v. Shore Med. Ctr.*, No. 13-cv-6537, 2014 U.S. Dist. LEXIS 137178, at *22 (D.N.J. Sept. 29, 2014) (dismissing § 1981 claim where plaintiff failed to plead comparator evidence, evidence of similar racial discrimination, or direct evidence of discrimination, which did "not tip the scale from sheer possibility to plausibility").

### D. Plaintiff Does Not Plead Sufficient Facts to State a Claim Under Pennsylvania's Unfair Trade Practices Statute

Plaintiff's claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count V) must be dismissed. First, Plaintiff does not allege facts showing that he has standing. At most, Plaintiff makes conclusory allegations that Defendants' conduct harmed him as a professional consumer of Defendants' services for business purposes. SAC ¶¶ 37, 42, 43, 45, 27. The UTPCPL provides a private right of action to a person who "purchases or leases goods or services primarily for personal, family or household purposes." 73 Pa. Stat. §§ 201-3(a), 201-9.2(a); *see also Baldston v. Medtronic Sofamor Danek, Inc.*, 152 F. Supp. 2d 772, 776, 780 (E.D. Pa. 2001) (dismissing claims of a plaintiff under the UTPCPL because the items purchased from the defendants were not purchased "primarily for personal, family or household purposes"); *Creative Educ. Concepts Charter Sch. v. Prime Ins. Syndicate, Inc.*, No. 99-cv-5571, 2000 U.S. Dist. LEXIS 6732, at *4 (E.D. Pa. May 8, 2000) (dismissing plaintiff's UTPCPL claim where purchase was "for commercial purposes" because the UTPCPL applies to "personal, family, or household purposes"). Plaintiff's allegations make clear that he has not purchased services primarily for personal or household purposes; he lacks standing and Count V must be dismissed.

Second, Plaintiff has not stated a claim under the UTPCPL. Plaintiff has not alleged any of the conduct enumerated under the statute. *See Linko v. Educ. Servs.*, No. 12-cv-355, 2012 U.S.

Dist. LEXIS 58351, at *10–11 (M.D. Pa. Apr. 26, 2012) (granting motion to dismiss where plaintiff "failed to state any specific prohibited practice" under the UTPCPL and failed to state a claim under the statute's catch all provision). Therefore, to state a claim at all, Plaintiff must plead "(1) deceptive conduct; (2) an ascertainable loss; (3) justifiable reliance on the defendant's wrongful conduct or misrepresentations; and (4) that such reliance caused an injury." *Pellegrino v. State Farm Fire & Cas. Co.*, No. 12-cv-2065, 2013 U.S. Dist. LEXIS 105511, at *23–24 (E.D. Pa. July 29, 2013) (dismissing UTPCPL claims where plaintiffs failed to allege that they justifiably relied on any alleged misrepresentations). Because a plaintiff must establish the elements of common law fraud to recover under the UTPCPL, such claims are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b). *Fitzpatrick v. State Farm Ins. Cos.*, No. 09-cv-1498, 2010 U.S. Dist. LEXIS 51348, at *16–18 (W.D. Pa. May 10, 2010) (granting motion to dismiss UTPCPL claims where plaintiff did not describe the nature and substance of an alleged misrepresentation adequately and with "some measure of substantiation"). But even if the lesser pleading standard of Rule 8 applied, Plaintiff fails to satisfy any pleading standard required to state a claim—Plaintiff has not pled a single non-conclusory fact going to any one of these four prongs.

Plaintiff includes a laundry list of conclusions under Count V—none of which are supported by well-plead facts. SAC ¶¶ 37–49. It is not enough for Plaintiff to claim that, for example, "Defendants made false and misleading representations regarding their rules and procedures." *Id.* ¶ 41. He must also, at a minimum, describe what representations are misleading and which Defendants made the statements to state a claim and properly put Defendants on notice of the claims against them. *Butakis v. NVR, Inc.*, 668 F. Supp. 3d 349, 359 (E.D. Pa. 2023) (dismissing UTPCPL claims and noting that collective pleading through blanket allegations of misleading statements against numerous defendants ran afoul of the particularity requirements of

Rule 9(b)).  Nor does Plaintiff provide any details about his "complaints" he alleges were "ignored," or how they would form the basis of a claim under the UTPCL.  *See* SAC ¶ 39.

Plaintiff also alleges no facts indicating that he justifiably relied on any false statements or fraudulent conduct.  *See Desimone v. U.S. Claims Servs.*, 858 F. App'x 492, 495 (3d Cir. 2021) (affirming dismissal of UTPCPL claims where plaintiff's assertions that he "would have" recovered his money but for defendant's misrepresentations were insufficient to plead that he justifiably relied on the alleged misrepresentations); *Pellegrino*, 2013 U.S. Dist. LEXIS 105511, at *23–24 (dismissing UTPCL claims where plaintiff did not "allege facts that would establish deceptive conduct" or that they "justifiably relied upon any alleged misrepresentation").  And, because Plaintiff has not pled justifiable reliance, he also has not pled that such reliance caused any ascertainable loss (which is, itself, unpled in the SAC).  *See Angeloff v. Deardorff*, No. 09-cv-02169, 2011 U.S. Dist. LEXIS 7831, at *9–10, *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 7830 (M.D. Pa. Jan. 27, 2011) (dismissing UTPCL claims for lack of standing due to "failure to adequately allege justifiable reliance").  Plaintiff's fundamental pleading failures require dismissal of his UTPCPL claim.

Plaintiff cites *Commonwealth by Creamer v. Monumental Properties, Inc.*, 459 Pa. 450 (Pa. 1974) and *Gabriel v. O'Hara*, 368 Pa. Super. 383 (Pa. Super. Ct. 1987), both of which are irrelevant.  SAC ¶¶ 45, 46.  *Monumental*, which did not involve a private right of action, held that the consumer protection laws cover allegedly unfair or deceptive practices in connection with the leasing of housing, 459 Pa. at 457, a practice that Plaintiff does not allege Defendants engage in. Plaintiff cites *Gabriel* for the proposition that unfair trade practices include "conduct that offends public policy, is immoral, unethical, oppressive, or unscrupulous."  SAC ¶ 46.  But that case does not support Plaintiff's expansive reading of the UTPCPL—the quote that Plaintiff attributes to

*Gabriel* does not even appear in that case. Instead, *Gabriel* addresses the question of the applicable statute of limitations for the consumer protection law, 368 Pa. Super. at 398, not the application of the statute to conduct like Defendants' enforcement of disciplinary rules, as Plaintiff suggests.

**E.**     **The Second Amended Complaint Must Be Dismissed as to Allyson Lysaght and Justin Porembo for the Independent Reason that It Fails to Include *Any* Facts About Their Involvement in the Alleged Conduct**

The SAC should be dismissed as to all Defendants, but the SAC is particularly deficient as to Justin Porembo and Allyson Lysaght. The Court advised Plaintiff that the "amended complaint shall identify all defendants . . . and shall state the basis of his claims against each defendant." ECF No. 47, ¶ 1. Plaintiff failed to do so. A complaint that does not make factual allegations about an individual must be dismissed as to that individual. *See Lawal v. McDonald*, 546 F. App'x 107, 113–14 (3d Cir. 2014) (affirming dismissal of complaint and concluding that plaintiff's use of the collective word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by plaintiff); *United States v. Fid. Deposit & Disc. Bank*, No. 19-cv-1824, 2022 U.S. Dist. LEXIS 134185, at *21 (July 27, 2022) (dismissing defendant with prejudice because "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed"), *report and recommendation adopted in relevant part*, 2023 U.S. Dist. LEXIS 110944 (M.D. Pa. June 27, 2023).

Plaintiff's passing mentions of Mr. Porembo and Ms. Lysaght are woefully insufficient to state a claim against them. *See* SAC ¶ 4 (only mention of Mr. Porembo is in the Parties section); *id.* ¶ 24 (vague reference to an email from Ms. Lysaght). Plaintiff's blatant failure to allege facts about these two individuals requires dismissal. *See Fid. Deposit & Disc. Bank*, 2022 U.S. Dist. LEXIS 134185, at *21 (dismissing defendant with prejudice where pleadings "simply list[ed] defendant] in the caption and introduction of the pleadings, without setting forth any well-pleaded

factual averments describing the defendant's involvement in actions"); *Galicki v. New Jersey*, No. 14-cv-169, 2015 U.S. Dist. LEXIS 84365, at \*8, 29 (D.N.J. June 29, 2015) (dismissing claims where "Plaintiffs provide only conclusory allegations against Defendants as a group, failing to allege the personal involvement of any Defendant as is required").

## VI.     CONCLUSION AND RELIEF SOUGHT

Plaintiff has filed three complaints related to the same nexus of facts, and yet has failed to state a claim in any complaint.  The Court also previously advised Plaintiff that no further leave to amend would be granted.  ECF No. 47, ¶ 3.  Allowing this case to continue would cause additional prejudice to Defendants, and the SAC should therefore be dismissed with prejudice.  *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (affirming dismissal and denial of leave to amend).

For the reasons set forth above, Defendants respectfully request that the Second Amended Complaint, ECF No. 49, be dismissed in its entirety with prejudice as to all Defendants.


Dated:  March 10, 2025

NORRIS MCLAUGHLIN P.A.

*s/ James J. Scanlon*
James J. Scanlon
PA Attorney ID 79557
515 W. Hamilton Street, Suite 502
Allentown, PA 18101
T:  (484) 765-2239
F:  (610) 391-1805
jjscanlon@norris-law.com

*Attorney for Defendants National Association of REALTORS®, Greater Lehigh Valley REALTORS®, Justin Porembo, and Allyson Lysaght*

FREEMAN MATHIS & GARY LLP

*s/ Ashley L. Taragna*
William H. Catto
PA Attorney ID 73251
Ashley L. Taragna
PA Attorney ID 324209
1600 Market Street, Suite 1210
Philadelphia, PA 19103-7240
T:  (215) 279-8085
F:  (833) 284-9665
wcatto@fmglaw.com
ashley.taragna@fmglaw.com

*Attorneys for Defendant Pennsylvania Association of REALTORS®*

## CERTIFICATE OF NONCONCURRENCE

I, James J. Scanlon, counsel for Defendants National Association of REALTORS®, Greater Lehigh Valley REALTORS®, Justin Porembo, and Allyson Lysaght, do hereby certify that a concurrence to this Motion to Dismiss was sought with Plaintiff. Plaintiff indicated that he did not concur with this Motion.

*s/ James J. Scanlon*

James J. Scanlon
PA Attorney ID 79557

## CERTIFICATE OF SERVICE

I certify that on March 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to pro se Plaintiff.

*s/ James J. Scanlon*

James J. Scanlon
PA Attorney ID 79557