**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
Case No.: 5:24-cv-05543-JFL
**PLAINTIFF:**
Maurice Muhammad
v.
**DEFENDANTS:**
National Association of Realtors (NAR), et al.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**INTRODUCTION**
Plaintiff, Maurice Muhammad, respectfully submits this response in opposition to Defendants' Motion to Dismiss. Defendants seek dismissal by erroneously claiming that Plaintiff has failed to state a valid cause of action. However, Plaintiff's claims are well-founded, raise substantial federal questions, and are supported by precedent under both antitrust and civil rights laws.

Plaintiff alleges that the National Association of Realtors (NAR) has engaged in discriminatory practices in violation of federal anti-discrimination statutes, violated antitrust laws by monopolizing the real estate market, and acted as a de facto regulatory authority without lawful justification. These actions have harmed competition, perpetuated systemic discrimination, and limited opportunities for real estate professionals not affiliated with NAR.

**ARGUMENT**
I. **NAR'S MONOPOLIZATION AND VIOLATION OF ANTITRUST LAWS**
Plaintiff asserts that NAR's conduct violates Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, which prohibits monopolization, attempts to monopolize, or conspiracies to monopolize trade or commerce. Courts have consistently recognized that monopolistic behavior may give rise to federal antitrust claims when it harms competition and consumers by limiting market access or suppressing innovation. See *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966) (defining monopolization as the possession of monopoly power combined with the willful acquisition or maintenance of that power); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451 (1992).

In the present case, NAR controls approximately 1.5 million of the 2 million real estate professionals in the United States, demonstrating overwhelming market dominance. By compelling brokers and professionals to join NAR and comply with its policies, NAR stifles competition, reduces consumer choice, and disadvantages professionals who choose not to affiliate with the organization. This monopolistic conduct harms non-affiliated professionals and constitutes an unlawful restraint of trade.

II. **NAR'S DISCRIMINATORY PRACTICES AND VIOLATION OF FEDERAL CIVIL RIGHTS LAWS**
Plaintiff also raises substantial federal questions related to NAR's alleged discriminatory practices, which violate federal anti-discrimination statutes, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Under *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971), federal courts have recognized that policies that appear neutral on their face may still be found discriminatory if they have a disparate impact on minority groups. Plaintiff alleges that NAR's policies, from its inception to the present day, have disproportionately harmed minority professionals by limiting their access to industry resources, opportunities, and professional advancement.

NAR's alleged conduct mirrors the systemic exclusion and discrimination that courts have found actionable in cases like *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which established a framework for analyzing claims of discriminatory treatment. Plaintiff's allegations reflect a pattern of

disparate treatment and disparate impact on minority professionals, which warrants further examination through discovery.

### III. **NAR'S REGULATORY OVERREACH**

NAR has further overstepped its authority by acting as a de facto regulatory authority, issuing letters and directives to brokers that impose compliance with its policies under the guise of self-regulation. This regulatory overreach exacerbates NAR's monopolistic influence and raises additional federal questions related to the improper exercise of regulatory power by a private trade association.

By imposing its standards on the real estate market without government oversight or accountability, NAR's actions restrict competition and harm professionals who choose not to affiliate with the organization.

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and allow this case to proceed to discovery. Plaintiff has sufficiently alleged valid causes of action based on antitrust violations, discriminatory practices, and regulatory overreach by NAR. These claims raise substantial federal questions under established legal precedent and merit further examination by the Court.

Dated: 3/23/2025
Respectfully submitted,
Maurice Muhammad
1544 Hamilton Street
Allentown Pa 18102
484-894-8100
mmuhammad16@gmail.com