# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>               Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, PENNSYLVANIA ASSOCIATION OF REALTORS, GREATER LEHIGH VALLEY MULTIPLE LISTING SERVICE, ALLYSON LYSAGHT, ESQ., JUSTIN POREMBO,<br><br>               Defendants. | Case No. 5:24-cv-05543-JFL<br><br>Hon. Joseph F. Leeson, Jr.<br><br>**REPLY IN SUPPORT OF DEFENDANTS NATIONAL ASSOCIATION OF REALTORS®, PENNSYLVANIA ASSOCIATION OF REALTORS®, GREATER LEHIGH VALLEY REALTORS®, ALLYSON LYSAGHT, AND JUSTIN POREMBO'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | SUMMARY OF ARGUMENT | 1 |
| IV. | ARGUMENT | 2 |
| | A. Plaintiff's Abandoned Claims Should Be Dismissed | 2 |
| | B. Plaintiff's Antitrust and Civil Rights Claims Should Be Dismissed Because Plaintiff Did Not Substantively Respond to Defendants' Arguments | 2 |
| | C. PAR, GLVR, Mr. Porembo, and Ms. Lysaght Should Be Dismissed Because Plaintiff Has Waived His Claims as to Them | 3 |
| V. | CONCLUSION AND RELIEF SOUGHT | 4 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*,
  836 F.2d 173 (3d Cir. 1988)......................................................................................3

*Fabian v. St. Mary's Med. Ctr.*,
  No. 16-cv-4741, 2017 U.S. Dist. LEXIS 128341 (E.D. Pa. Aug. 11, 2017) ............................3

*Levy-Tatum v. Navient Sols.*,
  183 F. Supp. 3d 701 (E.D. Pa. 2016) .....................................................................2

*Lisowski v. Walmart Stores, Inc.*,
  552 F. Supp. 3d 519 (W.D. Pa. 2021)......................................................................2

**I.     INTRODUCTION**

Plaintiff's two-page Opposition to Defendants' Motion to Dismiss ("Opposition") is not responsive to Defendants' arguments for dismissal of the Second Amended Complaint ("SAC"). Plaintiff simply does not mention his insufficiently pled claims under the Fair Housing Act, the Fourteenth Amendment Due Process Clause, or Pennsylvania's Unfair Trade Practices and Consumer Protection Law. And where Plaintiff does identify the remaining (unfounded) claims—antitrust and civil rights violations—he neither responds to Defendants' arguments nor points the Court to allegations in the SAC that support those claims. Finally, Plaintiff's Opposition is silent as to Defendants Pennsylvania Association of REALTORS®, Greater Lehigh Valley REALTORS®, Justin Porembo, and Allyson Lysaght. Those Defendants must be dismissed with prejudice for that reason alone. The SAC should be dismissed with prejudice in its entirety.

**II.    STATEMENT OF FACTS**

The Court's February 6, 2025 Order granted Plaintiff leave to amend and directed him to "identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint" and to "state the basis for his claims against each defendant." ECF No. 47, ¶ 1. The Order stated that Plaintiff would not be given further leave to amend. *Id.* Plaintiff filed the SAC on February 23, 2025. ECF No. 49. Defendants moved to dismiss. ECF No. 54. Plaintiff's Opposition (ECF No. 55) contains vague statements about NAR (Opp. at 1, 2) but does not mention any other Defendant. Plaintiff's Opposition does not contain factual or legal arguments responsive to Defendants' Motion to Dismiss.

**III.   SUMMARY OF ARGUMENT**

Plaintiff's Opposition does not address a single deficiency identified in Defendants' Motion to Dismiss. *First*, Plaintiff does not mention several of his claims, let alone address Defendants' arguments that they are legally deficient, and thus, concedes they must be dismissed.

1

*Second*, Plaintiff's antitrust and civil rights claims must be dismissed because Plaintiff makes no substantive arguments in response to Defendants' arguments for dismissal. *Third*, Defendants GLVR, PAR, Mr. Porembo, and Ms. Lysaght should be dismissed for the independent reason that Plaintiff does not mention, and therefore again fails to state the basis for his claims against them, let alone oppose Defendants' arguments as to why they should be dismissed. Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## IV. ARGUMENT

### A. Plaintiff's Abandoned Claims Should Be Dismissed

Plaintiff did not respond to Defendants' arguments that his claims under the Fair Housing Act (Count II), 42 U.S.C. § 1983 (Count III), the Fourteenth Amendment (Count IV), and the UTPCPL (Count V) are insufficient under Rule 12(b)(6). Failure to respond to arguments in support of a motion to dismiss results in a waiver of the claims sought to be dismissed. *Lisowski v. Walmart Stores, Inc.*, 552 F. Supp. 3d 519, 525 n.4 (W.D. Pa. 2021) (holding that plaintiff forfeited unfair trade practices claim because plaintiff did not respond to defendants' arguments in support of dismissal); *Levy-Tatum v. Navient Sols.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (dismissing claims with prejudice as abandoned where plaintiff failed to substantively respond to defendant's motion to dismiss). Counts II, III, IV, and V should be dismissed with prejudice.

### B. Plaintiff's Antitrust and Civil Rights Claims Should Be Dismissed Because Plaintiff Did Not Substantively Respond to Defendants' Arguments

Plaintiff's antitrust claim (Count I) should be dismissed because Plaintiff does not argue that he has established antitrust injury or any element of a Sherman Act claim. *See* MTD at 4–9. Plaintiff's reference to the number of NAR members and vague allusion to "monopolistic conduct" (Opp. at 1) do not make out a valid antitrust claim.

Plaintiff's § 1981 claim (Count III) should similarly be dismissed because Plaintiff does not address any of Defendants' arguments for dismissal.  *See* MTD at 15.  Plaintiff's mentions of unspecified "NAR policies" and invocation of legal conclusions are just as, if not more, deficient than the allegations in the SAC.  Opp. at 1–2.

Plaintiff improperly cites Title VII of the Civil Rights Act but it is unclear what Plaintiff's Title VII theory is or what allegations support it.  Having been raised for the first time in the Opposition, it must be dismissed.  *See Pennsylvania. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (affirming dismissal of new legal theories not supported by allegations in the complaint as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

Finally, Plaintiff's "regulatory overreach" argument (Opp. at 2) is unconnected to any claim or response to Defendants' arguments for dismissal.  If Plaintiff intended to argue that NAR is akin to a state actor because of its work as a private trade association, Plaintiff makes no factual allegations or legal arguments supporting that theory.

Plaintiff's antitrust and civil rights claims should be dismissed with prejudice.

**C.** **PAR, GLVR, Mr. Porembo, and Ms. Lysaght Should Be Dismissed Because Plaintiff Has Waived His Claims as to Them**

Plaintiff makes vague references to NAR in his Opposition but does not mention any other Defendant.  The Court warned Plaintiff that his amended complaint must "state the basis of his claims against each defendant."  ECF No. 47, ¶ 1.  Plaintiff failed to do so.  *See* MTD at 19–20.  Because Plaintiff fails to address PAR, GLVR, Ms. Porembo, and Ms. Lysaght, his claims against them should be dismissed with prejudice.  *See Fabian v. St. Mary's Med. Ctr.*, No. 16-cv-4741, 2017 U.S. Dist. LEXIS 128341, at *7–9 (E.D. Pa. Aug. 11, 2017).

## V.  CONCLUSION AND RELIEF SOUGHT

The Second Amended Complaint should be dismissed with prejudice.

Dated:  March 28, 2025

          NORRIS MCLAUGHLIN P.A.

          *s/ James J. Scanlon*
          James J. Scanlon
          PA Attorney ID 79557
          515 W. Hamilton Street, Suite 502
          Allentown, PA 18101
          T:  (484) 765-2239
          F:  (610) 391-1805
          jjscanlon@norris-law.com

          *Attorney for Defendants National Association of REALTORS®, Greater Lehigh Valley REALTORS®, Justin Porembo, and Allyson Lysaght*


          FREEMAN MATHIS & GARY LLP

          *s/ William H. Catto*
          William H. Catto
          PA Attorney ID 73251
          Ashley L. Taragna
          PA Attorney ID 324209
          1600 Market Street, Suite 1210
          Philadelphia, PA 19103-7240
          T:  (215) 279-8085
          F:  (833) 284-9665
          wcatto@fmglaw.com
          ashley.taragna@fmglaw.com

          *Attorneys for Defendant Pennsylvania Association of REALTORS®*

## **CERTIFICATE OF SERVICE**

I certify that on March 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to pro se Plaintiff.

*s/ James J. Scanlon*

James J. Scanlon
PA Attorney ID 79557